ZETA BURR and PATRICIA BURR, a Minor, by ZETA BURR, her Mother and Natural Guardian, Respondents, v. KANWAR ZOROWAR SINGH and HARRY FRANTZ, Appellants, No. 42458—243 S. W. (2d) 295.

Division One, November 12, 1951.

E. E. Thompson, Sam Mandell and Popham, Thompson, Popham, Mandell & Trusty for appellant Zorowar Singh; Clay C. Rogers and Rogers, Field & Gentry for appellant Harry Frantz.

*O'Keefe, Root & McKelvey, Watson, Ess, Whittaker, Marshall & Enggas* and *Douglas Stripp* for respondents.

VAN OSDOL, C.—Plaintiffs, Zeta Burr and Patricia Burr, have joined in this action for $70,000 damages. Plaintiff Zeta seeks recovery for the death of her husband Paul, and for the loss of services and medical expense occasioned by the injury of her infant daughter, the co-plaintiff Patricia; and plaintiff Patricia seeks recovery for her own personal injuries—all alleged to have been due to the negligence of one or both of defendants resulting in a head-on collision of the Chevrolet Coach, Model 1940, in which Paul and Patricia were riding and which was being driven southeastwardly by defendant Harry Frantz, and the Chevrolet Convertible, Model 1948, driven by defendant Kanwar Zorowar Singh northwestwardly on the paved U. S. Highway No. 71, three or four miles southeast of Platte City, at about nine o'clock the evening of June 5, 1949.

The jury returned a verdict for defendants. However, the trial court granted a new trial on the ground the verdict was "against the weight of the evidence, is for the wrong parties, and that to permit it to stand would amount to a miscarriage of justice." Defendants have appealed.

Plaintiffs' case was submitted to the jury as against both defendants by plaintiffs' principal Instruction No. 1 hypothesizing that either or both of defendants were negligent in failing to exercise the highest degree of care to keep his respective vehicle as close to the right-hand side of the highway as practicable, and that the collision was directly caused or directly contributed to thereby. The instruction authorized the jury to return a verdict for plaintiffs and against the defendant or defendants found to have negligently "caused or contributed to cause" the collision.

Plaintiffs relied upon the testimony of the two defendants, each of whose testimony was in direct conflict with that of the other. By his testimony, each defendant put the fault upon the other, that is, each defendant testified he was on his own (right-hand) side of the highway, and the other defendant suddenly swerved his automobile to the left and into collision with the vehicle of the witness.

Defendants-appellants assign error of the trial court in granting plaintiffs a new trial. Defendants-appellants contend plaintiffs failed to make out a submissible case. It is urged that plaintiffs, who had both the burden of proof and the burden of the evidence, presented two inconsistent factual theories, and thus failed to remove their case from the realm of speculation and conjecture as to which

of defendants, if either, was liable; and, defendants-appellants assert, it is unmistakably clear from the evidence that both of the defendants were not negligent. Having thus stated, in effect, there was no substantial evidence (to weigh) tending to prove either or both of defendants was or were responsible, defendants-appellants say the trial court abused its discretion in granting a new trial on the ground the verdict was against the weight of the evidence.

Plaintiffs-respondents contend they made out a submissible case. They insist there was direct evidence—substantial and sufficient to sustain a verdict against either or both defendants, and the trial court did not abuse its discretion in granting a new trial on the specified ground. And plaintiffs-respondents further contend, in the alternative, that a new trial should have been granted because of conflicts in instructions given.

Defendants-appellants are correct in saying that plaintiffs had the burden of the evidence, that is, the burden of introducing substantial evidence tending (prima facie) to prove the essential elements of their case as submitted; and defendants-appellants are also correct in saying that plaintiffs also had the burden of proof, that is, the burden of convincing the trier of the fact, the jury. However, it would seem that, if there was substantial evidence introduced tending to establish consistent factual theories that one or the other and that both of defendants were negligent as specifically submitted, and that the negligence directly caused or concurred in directly causing the casualty, the plaintiffs made out a prima facie case as against both defendants and the determination of the ultimate question of the liability of the one or of the other or of both defendants was for the jury in the exercise of the jury's function of weighing the evidence.

As we have said, defendant Singh testified, in effect, that defendant Frantz suddenly swerved his automobile to his left and into contact with the Singh vehicle. The defendant Frantz testified, in effect, that defendant Singh suddenly swerved his automobile to his left and into contact with the Frantz vehicle. Each of defendants testified he was on his own right-hand side of the pavement. Defendant Singh testified that, having observed the Frantz car approaching, he applied his brakes and veered off to the right, "got my both (right) wheels on the right shoulder - - -. He (Frantz) suddenly, as he came down the dip, he flipped, and that is all I remember." Defendant Frantz testified that, having observed the Singh car approaching, he turned to his right with "the front (right) wheel on the shoulder. - - - His (Singh's) car suddenly swerved across into my lane, and collided in a flash - - -." No other witness testified as an eyewitness of the collision. The left front of the Singh car struck the left front of the Frantz car. The left front corner of ▮ the Singh car struck "midway across the front of" the Frantz car, "that or more."

There was evidence tending to show that the automobile of defendant Singh was completely turned around by the force of the collision, and came to rest headed in a southeasterly direction. The automobile of defendant Frantz came to rest headed in a southwesterly direction. (Here we are considering the highway as running due north and south.) The vehicles came to rest with the left rear of the Frantz car and the right rear of the Singh car about equidistant ("eighteen inches to two feet") from the center of the pavement. The Frantz vehicle was resting at an angle of about fifteen degrees and the Singh vehicle at an angle of fifteen or twenty degrees with reference to the center line of the pavement, the two vehicles forming "a sort of 'V.'" When the collision occurred it was "slightly drizzling"; it had been "raining quite hard." No witness testified of having observed automobile skid marks on the surface of the highway. Debris was scattered between the automobiles, "in such a generalized manner that you couldn't say that there was more in one place than another."

At the outset we may say the testimony of defendants and the fact of the collision seem to justify at least the tentative conclusion there was substantial evidence tending to show that one or the other and both defendants were negligent as submitted. The testimony of defendants (each that the other suddenly swerved his automobile to the left) was not conflicting or destructive of or "at war with" but was consistent with the theory of plaintiffs' case that one or the other or both were responsible. The theory that defendant Singh's or defendant Frantz's negligence as submitted (in failing to keep his vehicle as near to the right-hand side of the highway as practicable) was a cause of the casualty was not inconsistent with the theory that the submitted negligence of both defendants *concurred* in causing the casualty. And plaintiffs were not bound by the testimony of either of defendants that he was on his own right-hand side of the highway, inasmuch as such testimony of each defendant was in conflict with the testimony of another witness for plaintiffs—the other defendant.

It has been held a plaintiff is not bound by the testimony of his own witnesses in so far as such testimony is contradicted by a plaintiff's other evidence. A jury may believe all of the testimony of any witness or none of it, or may accept it in part and reject it in part; just as the jury finds it to be true or false when considered in relation to the other testimony and the facts and circumstances in a case. McCall v. Thompson, 348 Mo. 795, 155 S. W. 2d 161; Jones v. Chicago, R. I. & P. R. Co., 341 Mo. 640, 108 S. W. 2d 94; Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S. W. 2d 548; Gould v. Chicago, B. & Q. R. Co., 315 Mo. 713, 290 S. W. 135.

It is true that a plaintiff may not go to the jury on conflicting theories of fact—one version for one defendant, and an opposite theory for another, thereby recovering against both. Hemminghaus v. Ferguson, 358 Mo. 476, 215 S. W. 2d 481. In the Hemminghaus

case there was evidence that three vehicles had collided. The plaintiff endeavored to use his own testimony and the testimony of the driver of defendant Markland's truck to show that the defendant Ferguson *had plenty of time* to avoid a collision with the rear end of plaintiff's automobile; this theory of fact developed by plaintiff's own testimony was in conflict with the factual theory which plaintiff also undertook to develop by the testimony of defendant Ferguson to the effect that all three vehicles collided *practically simultaneously* and that both of defendants were responsible.

We agree with the view expressed in the case of Wren v. Suburban Motor Transfer Co., Mo. App., 241 S. W. 464, that, if a case is properly pleaded and correctly submitted, and the facts are such as to allow it, there is nothing wrong in letting a jury decide as to which one of two defendants caused an injury, or whether both were to blame. But we do not agree with the statement in the reviewing court's opinion that, had the plaintiff Wren pleaded the Ford driver's negligence "in turning on Baltimore avenue in front of the truck, as its driver says he did, - - - it would have been inconsistent with" plaintiff's case against the defendant, employer of the truck driver. The truck driver had testified that, as he had come from the east on Thirty-Sixth Street and had made a normal left turn south into and was proceeding southwardly on the west side of Baltimore, the Ford, going north on the east side of Baltimore, turned suddenly to the west as if it were going to turn about and go south on Baltimore, and hit the left side of the truck. The truck driver said the collision occurred between fifty and seventy-five feet south of the intersection. The Ford driver had testified that, as he went north on the east side of Baltimore toward the intersection and when he was within twenty-five feet of the intersection, the truck, then being headed west on Thirty-Sixth Street and almost to the corner, suddenly "cut the corner" and shot diagonally across the street and collided with the right front of the Ford. It is true, as the reviewing court said, the drivers told "diametrically opposing stories as to what caused the collision." But if a jury accepted the part of the Ford driver's story that the truck driver negligently "cut the corner" and shot diagonally across the street, and rejected the parts of the truck driver's testimony in conflict therewith, and if (assuming the plaintiff's own testimony could be ignored) a jury further believed the testimony of the truck driver that the Ford driver negligently attempted a "U" turn to the westward and rejected the parts of the Ford driver's testimony in conflict therewith, a jury could consistently find that the negligence of both drivers concurred in bringing their vehicles into collision. And, although the narrators of the "diametrically opposing stories" were plaintiff's witnesses, the plaintiff would not be bound by the testimony of either driver as to such parts thereof as a jury would choose to reject, because the plaintiff had introduced evidence tending

to disprove the very parts of the testimony which the jury rejected.

Herein we are not considering circumstantial evidence upon which a plaintiff has relied, and the inferences sought to be drawn from the circumstances are unavailing because inconsistent with undisputed facts. See Lappin v. Prebe, 345 Mo. 68, 131 S. W. 2d 511. And we are not treating with a case where a plaintiff has relied upon the testimony of one witness to prove an essential element of plaintiff's case, and the witness testifies directly and definitely one way. In such a case the plaintiff may not have the jury disregard his only direct evidence as to the essential fact and find the fact is exactly the opposite on the basis of inferences from circumstances also stated in the testimony of the same witness. See Draper v. Louisville & N. R. Co., 348 Mo. 886, 156 S. W. 2d 626. "If A put B on the stand and prove by him a certain state of facts, this does not preclude A from putting C, D or E on the stand and proving a different state of facts; but if A puts B on the stand as his only witness to prove a fact, and does prove it, then he is precluded from impeaching B, or from otherwise inviting the jury to disregard B's testimony." Rodan v. St. Louis Transit Co., 207 Mo. 392, 105 S. W. 1061.

Acting within its province of weighing the evidence the jury could have given credit and decisive weight to the testimony of defendant Singh in its entirety and disbelieved and rejected the testimony of defendant Frantz, and returned a verdict for plaintiffs and against defendant Frantz. The jury could have believed the whole of the testimony of defendant Frantz and disbelieved and rejected the testimony of defendant Singh, and returned a verdict for plaintiffs and against defendant Singh. Or the jury could have believed the parts of the testimony of both defendants, each that the other suddenly swerved to the left, and could have disbelieved and rejected the parts of the testimony of both defendants, each that he was on his own right-hand side of the highway, and returned a verdict for plaintiffs and against both defendants. However, as stated, the jury found against plaintiffs and in favor of both defendants.

Inasmuch as the defendants' vehicles collided as they were approaching and each defendant said the other suddenly swerved his vehicle to the left, the inference is that one or the other or both of defendants were negligent as submitted—there was no evidence that the collision was due to a cause other than the conduct of one or the other or both of defendants in operating their respective vehicles. Now the jury was advised by separate instructions that plaintiffs had the burden of proving their case as against each defendant by a preponderance, that is, the greater weight of the credible evidence. Therefore, we may assume the jurors in undertaking to perform their duty (of judging the credibility of the witnesses and weighing their testimony, and resolving the conflicting evidence) concluded they could not determine (by a preponderance of the evidence) which

one or if both defendants was or were responsible. Had the trial court overruled the plaintiffs' motion for a new trial, we would now be confronted by a problem somewhat like that involved in the case of Horn v. Guthrie, Miss., 21 So. 2d 813, cited by defendants-appellants. However, in the instant case, as stated, the trial court granted plaintiffs a new trial as to both defendants on the specified ground the verdict was against the weight of the evidence.

We have the opinion there was substantial evidence tending to show that each of defendants was negligent as submitted; consequently, we must rule there was a reasonable basis for the trial court's action in granting a new trial as to both defendants on the specified ground, and we will not interfere with the trial court's ruling. It was within the trial court's discretion to grant a new trial on the ground the verdict of the jury in favor of the defendants was against the weight of the evidence. However, such discretion was to be judicially, not arbitrarily, exercised. It has been said that, in determining the question whether a trial court (in granting a new trial to a plaintiff on the specified ground the verdict was against the weight of the evidence) was acting in the exercise of its judicial discretion, the appellate court will endeavor to ascertain if there was sufficient substantial evidence to sustain a verdict for plaintiff, the party to whom the new trial was granted. Graves v. Atchison, Topeka & Santa Fe Ry. Co., 360 Mo. 167, 227 S. W. 2d 660; Happy v. Walz, 358 Mo. 56, 213 S. W. 2d 410; Sawyer v. Winterholder, Mo. Sup., 195 S. W. 2d 659; Castorina v. Herrmann, 340 Mo. 1026, 104 S. W. 2d 297; Section 510.330 R. S. 1949.

There is the further tacit contention of defendants-appellants that the trial judge's memorandum, filed at the time the trial court's order granting a new trial was entered, discloses that the trial judge had not in fact weighed the evidence so as to have an opinion that the evidence preponderated in favor of plaintiffs and against one, or against the other, or against both defendants, and that the trial judge's memorandum discloses the new trial was granted merely to give "plaintiffs another chance." In this connection it has been held that a trial court in granting a new trial is required by statute to specify in the order granting the new trial the "grounds therefor" (Section 510.370 R. S. 1949); and that the trial judge is not required to further set forth in a separate memorandum his reasons for the grounds specified or the mental process by which he determined the grounds specified in the order. So that, even though a trial judge may have by memorandum given obscure, incorrect or erroneous reasons for directing the entry of an order granting a new trial specifying the ground the verdict was against the weight of the evidence, nevertheless his ultimate decision is conclusively presumed to have been that embodied in the required order, and by force of it the order must be considered as in fact made on the ground as speci-

700

fied—"the verdict was against the weight of the evidence." Sawyer v. Winterholder, supra, and cases therein cited.

It is not necessary to examine the alternative contention of plaintiffs-respondents of conflicts in the instructions. The contention may be examined by counsel and such conflicts, if any, may be avoided upon a retrial.

The order granting the new trial should be affirmed.

It is so ordered. ▮▮▮ *Lozier* and *Coil, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.