Frederick H. YOUNG, Appellant,

v.

**KANSAS CITY SOUTHERN RAILWAY COMPANY, a Corporation, Respondent.**

No. 49840.

Supreme Court of Missouri,

Division No. 1.

Jan. 13, 1964.

J. John Marshall, Pittsburg, Edward V. Sweeney, Monett, for appellant.

Richard S. Righter, Robert D. Youle, William H. Bates, Ronald G. Schmidt, Kansas City, Lloyd Buehner, Joplin, for respondent; Lathrop, Righter, Gordon & Parker, Kansas City, of counsel.

COIL, Commissioner.

In an action under the Federal Employers' Liability Act, Frederick Young sought damages of $504,476 for injuries he claimed to have sustained as a result of the Kansas City Southern Railway Company's alleged negligence on July 17, 1961. A jury awarded him $5,000 and he has appealed from the ensuing judgment. He contends that the trial court erred in refusing to declare a mistrial and thereby forced him to submit his case despite allegedly improper argument by railroad's counsel; and further that the judgment is grossly inadequate and that the trial court abused its discretion in refusing to grant him a new trial on the ground of inadequacy of verdict. We shall refer to the parties as they were designated in the trial court.

Plaintiff, the rear brakeman on a freight train, was riding in the caboose. A wasp flew in the window, plaintiff arose, killed the wasp, and started toward the front of the car, whereupon the train, traveling 30 to 40 miles per hour, suddenly stopped which caused plaintiff to "fly through the air" and land on his right hip and side.

The only portions of the arguments of counsel contained in the record are:

"[Plaintiff's counsel]: * * * The conductor, who was sitting back there on the back end of that train with Mr. Young, he is their employee. It would have been interesting to have heard what he would have had to say if they had brought him in.

"[Defendant's counsel]: He was here and equally available to plaintiff. He was in the room.

"THE COURT: Overruled.

"[Plaintiff's counsel]: So that of their employees, the ones that know about it, have control over it, they didn't bring anyone but the engineer, that's the only one they called to the stand. Now they tell us that this conductor was here, perhaps he was; why didn't they put him on the witness stand and let him tell you what happened? Oh, no, they would like to say that we should put him on the stand. What do you think about that? How do I know what their claim agent and what their lawyers have done with this man and what he might say?

"[Defendant's counsel]: We object to this very strenuously.

"THE COURT: Sustained.

\* \* \*

"[Defendant's counsel]: * * *. Now in his summation to you Mr. Sweeney said it was interesting why we didn't call Conductor Kennedy.

"[Plaintiff's counsel]: Just a moment.

"(Off-the-record discussion between the Court and counsel.)

"(Out of the hearing of the jury:)

"[Plaintiff's counsel]: I would like for the record to show that the Court has previously stated that he thinks there should be a mistrial if I insist on it, and I am insisting on it.

"THE COURT: This witness was available for you, equally available to you as well as the defendant; further, you have gone ahead and even taken his deposition and knew what he would testify to in this case. The court is going to instruct the jury to disregard the argument of defendant's counsel and ask that the argument in regard to the failure to produce witness Kennedy be disregarded. And the Court will further permit plaintiff's counsel to explain why.

"[Plaintiff's counsel]: May the record show that in view of the present state of the record, we request a mistrial in view of what has occurred.

"THE COURT: Be refused.

\* \* \*

"THE COURT: Ladies and gentlemen, the Court instructs you to disregard the argument of defendant's counsel wherein he referred to the failure of the witness

Kennedy to testify in this case. And you are not to consider the argument of defendant's counsel as to that particular fact in this case."

The foregoing excerpts from the transcript are self-explanatory, but analyzing them part by part shows that plaintiff's counsel, as he had a right to do, referred to the failure of defendant to call as a witness its conductor-employee who saw what happened in the caboose. Defendant's counsel objected on the ground that witness was equally available and was in the courtroom. The trial court correctly overruled that objection; whereupon plaintiff's counsel proceeded not only to continue to comment upon the failure of defendant to call the conductor but turned to his advantage defendant's unsuccessful suggestion that plaintiff should have put the witness on the stand. In the final sentence of that portion of his argument plaintiff's counsel said that he didn't know what defendant's claim agent or its lawyers had done to the man and what he might say. Defendant's counsel objected, and it is clear that it was that statement to which he objected, and the court correctly sustained the objection.

Apparently, the rest of plaintiff's counsel's argument proceeded without objectionable incident; at least, the rest of his argument is not before us. Sometime during his final argument defendant's counsel said: "Now in his summation to you Mr. Sweeney said it was interesting why we didn't call conductor Kennedy." Whereupon plaintiff's counsel called a halt and an off-the-record discussion took place between court and counsel.

Plaintiff contends, as indicated by his statement in the record, that the trial court stated during that discussion that in his opinion error had been committed and that plaintiff was entitled to a mistrial if his counsel insisted upon it; and plaintiff's counsel did insist upon it. While the record does not show that the court made the statement above noted, we shall assume that he did. On the record, however, we must

further conclude that the trial judge changed his mind during the course of the colloquy and finally decided, and so told counsel, that he would instruct the jury to disregard the "argument" of defendant's counsel with respect to the failure (we assume of plaintiff) to produce the conductor as a witness. And as we understand, the trial court indicated to plaintiff's counsel that he could in his final argument comment further upon defendant's failure to have produced the conductor. Whereupon, still out of the presence of the jury, plaintiff's counsel requested a mistrial which was refused. The trial court then instructed the jury to disregard defendant's counsel's "argument" referring to the failure of the witness Kennedy to testify. No objection was made to that statement or direction.

■ The foregoing portions of the record and our analysis of them seem to us to demonstrate that the trial court did not err, at least as to the plaintiff, with respect to any matter connected with the argument which has been preserved for appellate review. We observe that we do not know what defendant's counsel intended to say about opposing counsel's statement that the defendant hadn't called the conductor as a witness. But, in any event, the trial court told the jury to disregard any reference to the matter and gave plaintiff's counsel an opportunity (which we assume he used) to again refer to defendant's failure to produce the conductor. Thus, it seems to us that in so far as we are able to ascertain from the portions of the record before us, the entire incident and course of events were advantageous rather than detrimental to the plaintiff. We hold, therefore, that plaintiff was not denied a fair trial or the jury prevented from impartially considering the evidence by the "absent conductor" incident.

■ When the trial court overruled the allegation in plaintiff's motion for new trial that the verdict was inadequate, it weighed the evidence and determined that a $5,000 award was not against the weight of the

evidence. Coats v. News Corp., 355 Mo. 778, 197 S.W.2d 958, 962 [6–8]. Under those circumstances, ordinarily we do not weigh the evidence but confine our review to a determination of whether the trial court abused its discretion in overruling plaintiff's new-trial averment that the verdict was inadequate; and to determine whether it did, we examine the record to ascertain whether there was substantial evidence to support the trial court's action. Murphy v. Kroger Grocery & Baking Co., 350 Mo. 1186, 171 S.W.2d 610, 613 [8, 9]; Glore v. Bone, Mo., 324 S.W.2d 633, 636 [4].

Plaintiff's evidence as to loss of earnings and as to injuries was such as to have sustained a judgment much in excess of $5,000. The jury reasonably could have found that plaintiff had lost earnings to trial time in excess of $6,000; that he had sustained a herniated intervertebral disc between lumbar 4 and 5; that he was disabled as a result of that condition and not employable for physical labor, including railroading.

We exclude from our consideration, however, the evidence which would have sustained a larger award and examine the record to determine whether there was substantial evidence to justify the $5,000 verdict. A doctor testified that plaintiff probably suffered a soft tissue injury to his low back, injury to his right elbow, right hip, and left great toe, based upon the history given him by the patient, but, at the time of his examination fourteen days prior to trial, there was no evidence of any remaining injury to those parts as a result of the fall; that plaintiff had a sway back and a "weak belly" resulting in a postural backache; that plaintiff did not have a ruptured intervertebral disc; and that he was able to do general labor including the work of a railroad brakeman.

Plaintiff concedes that the foregoing testimony, standing alone, constituted substantial evidence but argues that when that testimony is considered with the testimony of another doctor who testified for the defendant to the effect that while plaintiff could

work he was not able to do the job of a brakeman on a freight train day after day, there is a conflict in defendant's evidence which destroys the substantiality and probative force of the testimony of both doctors.

That contention overlooks the rules that a party is not bound by the testimony of one of his witnesses in so far as such testimony is contradicted by that party's other evidence and a "jury may believe all of the testimony of any witness or none of it, or may accept it in part and reject it in part; just as the jury finds it to be true or false when considered in relation to the other testimony and the facts and circumstances in a case." Burr v. Singh, 362 Mo. 692, 243 S.W.2d 295, 298 [4, 5].

It follows from the application of the foregoing established principles that the jury was entitled to believe defendant's medical evidence to the effect that plaintiff had sustained only temporary injuries which had not disabled him for any great length of time; and from defendant's medical evidence as a whole, that by November 14, 1961, plaintiff's prior earning capacity was restored; and thus to find that his loss of wages had not exceeded a maximum amount of $3,300 (the jury might well have found plaintiff's loss of earnings need not have been in excess of $2,500). Plaintiff's only medical expense was a doctor's bill of $160. It seems apparent, therefore, that there was substantial evidence justifying the jury's award of $5,000 and thus that the trial court did not abuse its discretion in overruling plaintiff's new-trial assignment that the verdict was inadequate.

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.