Archie L. WELLS and Lawana F. Wells, Plaintiffs-Appellants,

v.

Deborah A. BELLMAN, Defendant-Respondent.

No. KCD 27124.

Missouri Court of Appeals, Kansas City District.

Dec. 31, 1975.

Robert L. Shirkey, Kansas City, for plaintiffs-appellants.

Donald L. Mason, Kansas City, for defendant-respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

A jury awarded plaintiffs Archie Wells and Lawana Wells $1,000 and $500 respectively for damages resulting from an auto-

mobile accident. Plaintiffs' sole assignment of error is the trial judge's refusal to grant a new trial on the issue of damages awarded. The claim is that the award was so shockingly and grossly inadequate that refusal to grant a new trial was an abuse of discretion.

Plaintiffs, so postulating their claim of error, cite and rely upon *Mitchell v. Mosher,* 362 S.W.2d 532 (Mo.1962) which clearly restricts the review of inadequacy of the amount of the award to an examination of the trial court's discretion reversible only on a showing that trial court discretion to weigh the evidence was abused.

The plaintiffs established that after the accident they paid certain medical bills and lost work due to sickness or injury. The dollar value of these expenses exceeded the damage awards. Plaintiffs contend that since the jury found the defendant liable for the accident, the failure of the jury to give a larger verdict was against the weight of the evidence.

█ The flaw in plaintiffs' contention is that the jury finding of liability against defendant did not require a finding that defendant proximately caused every post-accident ailment complained of by the plaintiffs. "A jury may believe all of the testimony of any witness or none of it, or may accept it in part and reject it in part; just as the jury finds it to be true or false when considered in relation to the other testimony and the facts and circumstances in a case." *Burr v. Singh,* 362 Mo. 692, 696, 243 S.W.2d 295, 298 (1951); *Young v. Kansas City Southern Railway Company,* 374 S.W.2d 150, 153 (Mo.1964). In conflict with testimony that the accident caused plaintiffs to suffer numerous injuries was testimony that some of the plaintiffs' ailments existed before the accident, some of the post-accident medical problems were unrelated to the accident, and some of the claims of injury were spurious. It is apparent that the jury chose to believe only so much of plaintiffs' testimony which indicated that Archie Wells suffered damage in the amount of $1,000 and Lawana Wells suffered damage in the amount of $500, and that the jury chose to disbelieve the remainder of plaintiffs' testimony relative to damages.

█ The trial court was vested with wide discretion in ruling on the motion for a new trial. As heretofore noted, review is limited to a determination of whether the trial court abused his discretion in exercising his function to weigh the evidence. *Boehmer v. Boggiano,* 412 S.W.2d 103 (Mo. 1967). Evidence most favorable to the ruling of the trial court is considered (*Mitchell v. Mosher,* supra), but evidence that would have sustained a larger award is excluded (*Young v. Kansas City Southern Railway Company,* supra). If the damages award is founded upon any reasonably rational basis, it will be upheld as responsive to the evidence, and one possibility alone will suffice. *Mitchell v. Mosher,* supra.

█ In the case of Mr. Wells, one possibility is that the jury believed his testimony concerning the defendant's negligence, disbelieved most of the testimony from him and his medical witness about his injuries, and believed the testimony concerning the minor strains he suffered.

In the case of Mrs. Wells, one possibility is that the jury believed the defendant negligently caused the accident, believed so much of the testimony that indicated that Mrs. Wells suffered minor injuries as a result of the accident, and disbelieved that she suffered any other damage as a result of the accident.

There was a reasonably rational basis to support the damage award as responsive to the evidence. It cannot be said that the court below abused his discretion in refusing to grant plaintiffs a new trial because of the claimed inadequacy of the verdict.

Affirmed.

All concur.