John A. DENNEY, Appellant,

v.

MILGRAM FOOD STORES, INC., Respondent.

No. WD 31701.

Missouri Court of Appeals, Western District.

March 30, 1981.

Roy W. Brown, Kansas City, for appellant.

Walter R. Simpson, Sheridan, Sanders & Simpson, P.C., Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

SHANGLER, Judge.

The plaintiff Denney had a jury verdict against Milgram Food Stores for $600 as actual damages on a petition for malicious prosecution. The plaintiff appeals on two contentions of error: that the court gave an oral instruction to the jury contrary to rule, and that the award of damages was inadequate.

The context of facts of recovery is not relevant to disposition.

The first incident of error relates to comments by the judge after the jury was returned to the presence of the court, prompted by a note from the forewoman that the jury stood at seven to five without possibility of decision. Inquiry by the court disclosed that jury came to that alignment from the first ballot and after four hours of deliberation continued in impasse. To other inquiry by the court whether continued deliberation would result in a verdict, the forewoman replied: "Not with this jury, no." No juror disagreed with that assessment. The court then made this comment:

> Well, you have been out four hours. I don't want to coerce you in any way or keep you out but I am hopeful that there might be some verdict in the case. You have been deliberating now at least as long as it took to hear the evidence. What do you think, do you want to try a little longer? Let me see a show of hands of those of you who want to try longer? (Affirmative response by show of hands.) I think it might be worth a little more of a try. We will give you more coffee and give you some soda pop, let's try it. If you would please, if you see you just can't make it, let us know because we won't keep you at it indefinitely.

The jury resumed deliberation. The entire proceeding went without objection from any party. Some time later [the plaintiff reckons after a lapse of several hours, but the transcript does not record the interim], the jury sent the court another note by the forewoman:

> "Did outcome of jury trial disprove that Milgram's had reasonable grounds for arrest?" Instruction 4-Section 2, need answer for decision.

The court informed counsel he proposed the response: "I cannot answer this question. You must be guided by the evidence and instructions in this case." The plaintiff then for the first time objected to the earlier exhortation by the court to the jury to resume deliberation for a verdict.

On appeal, the plaintiff cites as error, not the latter instance of judicial conduct, but that the earlier remarks constituted an oral instruction in violation of Rule 70.02. The contention fails—want of timely objection aside—simply because the comment was not an instruction within the sense of the rule: a direction "on the law applicable to the issues" in the case. Rule 70.02(a); *Sherman Investment Co. v. Sheehan*, 199 S.W.2d 922, 925[1] (Mo.App.1947). The comment rather was a hortation that the jury culminate its distinctive function by a verdict. The comment made no allusion to the merits of the cause, to any theory of recovery or defense, or the worth of any of the evidence. It was not an instruction. *Nash v. Plaza Electric, Inc.*, 363 S.W.2d 637, 640[1] (Mo.1962). Nor was there, as the plaintiff suggests, hint of coercion. The jury merely accepted the invitation of the court to resume attempt at a verdict. The time a jury will be kept together rests in the discretion of the court, and absent compulsion or other untoward circumstance, that exercise of judgment will not be disturbed. *Hoffman v. St. Louis Public Service Co.*, 255 S.W.2d 736, 744[15, 16] (Mo.1953).

The plaintiff complains also that the award of damages does not rest on substantial evidence so that the judgment entered on the verdict should not stand, and the refusal of the trial court to sustain a new trial on the issue of damages only was an abuse of discretion. The contention relies entirely on the authority of *Mitchell v. Mosher*, 362 S.W.2d 532 (Mo.1962). That decision distinguishes the role of the trial court from that of a court of review on the question of adequacy of an award of damages by verdict. The trial court weighs the evidence to assess the contention on a mo-

tion for new trial ·of the inadequacy of damages. The appellate court seeks only to determine whether there was substantial evidence to support the verdict. If so, the trial court abused no discretion to refuse a new trial to the movant. In terms of the adequacy of damages, there is substantial evidence to support the verdict where the award is a response to the proof. That is: where the award of damages is commensurate with the injury and other compensable loss incurred by the party. *Mitchell v. Mosher*, supra, 1. c. 536[2–5]. A favorable determination of liability, however, does not dispense with the proof of damages proximately caused by the culpable conduct of the other. If the damages were returned on any rational assessment of the evidence, the discretion of the trial court to deny a new trial was properly exercised, and the judgment will be sustained on appeal. *Wells v. Bellman*, 531 S.W.2d 770, 771[2–4] (Mo.App.1975).

The compensation the plaintiff attempted to prove at the trial was for lost profit from absence for a week from his usual occupation [$1,000], an attorney fee to defend the charge of theft brought by Milgram [$1500], the cost of travel from the Texas home to Kansas City to attend the police court trial [$600] and damages for humiliation. This evidence of loss given by the plaintiff was also contradicted by the plaintiff. He conceded on cross-examination that he had earlier admitted he could give no estimate of loss from his occupation attributable to the arrest event. He admitted that his obligation for fee to the attorney was by a promissory note on which he had paid nothing within the four years past. He described the arrest episode as free of force, that there was no one in the store at the time [other than local employees] who knew or recognized him, and that the event was not since mentioned to him by anyone else. He also gave evidence [readily understood to imply] that the stress of the incident exacerbated a chronic stomach ulcer, but conceded that no physician had ever confirmed any such causation.

 The evidence of injury and loss was open to dispute—or at least equivocal—as to every element of that proof. The trial court on assessment of the evidence, nor more than the jury, was compelled to accept any of the proof as conclusive or even credible. The return of damages for $600 suggests an exact compensation for the cost of travel between Texas and Kansas City. That evidence was the least obscure of the proofs tendered by the plaintiff. The award responds to that evidence and provides a rational basis for the verdict. *Wells v. Bellman*, supra, 1. c. 771[1–4].

The judgment is affirmed.

All concur.