Everette ANDERSON, et al.,
Plaintiffs-Appellants,

v.

George W. MUTERT, et al.,
Defendants-Respondents.

No. 41455.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 4, 1981.

Michael A. Turken, Cundiff, Turken & Londoff, St. Charles, for plaintiffs-appellants.

Joseph H. Mueller, St. Louis, for defendant-respondent Mutert.

Paul E. Fitzsimmons, Daniel J. McMichael, Clayton, for defendant-respondent Gregory.

STEPHAN, Judge.

Plaintiff Everette Anderson sued to recover for personal injuries that he allegedly

sustained as a result of two separate automobile accidents. In Count I Mr. Anderson sought recovery against defendant George W. Mutert ("Mutert") for damages resulting from a collision on November 15, 1974, when he was a passenger in an automobile driven by Mutert. In Count II he sought recovery against defendant Melvin L. Gregory ("Gregory") for damages resulting from a collision on April 29, 1975, when he was a passenger in an automobile driven by Gregory. In Count III Mr. Anderson sought recovery against defendant Mark W. Grabanski ("Grabanski") for damages resulting from the April 29 collision. Grabanski operated the other automobile which allegedly struck the Gregory vehicle. Anderson's wife, Janet, sued Mutert, Gregory and Grabanski to recover for loss of consortium.

The jury returned a verdict in favor of Everette Anderson and against Mutert, in favor of Mutert and against Janet Anderson, and in favor of Gregory and Grabanski and against Mr. and Mrs. Anderson. The Andersons appeal. We affirm.

On November 15, 1974, Everette Anderson was in the front passenger's seat of Mutert's automobile. The vehicle was travelling westbound in the median lane of Interstate 70 behind a truck. Immediately prior to the collision, a passenger seated in the rear exclaimed, "Watch out, George." Mutert applied his brakes but instantly struck the rear of the truck. Anderson's head hit and cracked the windshield. He suffered lasting pain to his head and neck.

After the accident he went to St. Joseph's Hospital for x-rays and was released that same day. On December 3, 1974, Anderson sought medical treatment from his family doctor, James E. Jones, an osteopath. He diagnosed the injury as acute cervical strain. Anderson received physical therapy and a prescription for muscle relaxants and had four additional office visits between December 3, 1974 and January 12, 1975. On the latter date he entered Normandy Osteopathic Hospital where he remained for six days of treatment. Dr. Jones continued to treat him from the time of his release until the date of the second accident.

On April 29, 1975, Mr. Anderson was a passenger in the left rear seat of an automobile driven by defendant Gregory. The vehicle was traveling eastbound on the exit ramp on Interstate 70 to proceed south for a short distance on Highway 94. Highway 94 is a north-south road having two lanes for southbound traffic and a third lane for vehicles turning left from Highway 94 onto the south service road, which runs parallel to Interstate 70. Gregory crossed the two southbound traffic lanes and entered the left turn lane where his automobile was struck in the left rear quarter panel by defendant Grabanski's vehicle. Grabanski was driving in the curb lane of Highway 94 when he saw the Gregory vehicle enter the highway from the exit ramp. He moved to the median lane and the collision occurred shortly thereafter.

Anderson hit his head on the interior roof of Gregory's automobile, causing neck pain, muscle spasms and a lump on his head. He visited Dr. Jones' office that day and received the same treatment that he had been receiving since the first accident.

Plaintiffs raise four issues on appeal. They first challenge the submission of Instructions 4, 7 and 10, defendants' converse instructions.[1] Instruction No. 4 was directed to Instructions No. 2 and 3, the former being Mr. Anderson's verdict director against defendant Mutert and the latter being Mrs. Anderson's verdict director against him. Instruction No. 7 was direct-

1. "Instruction No. 4: Your verdict must be for defendant George Mutert unless you believe that defendant Mutert was negligent as submitted in Instruction Nos. 2 and 3, and that plaintiffs sustained damage as a direct result thereof." [MAI 33.04(4) modified]

"Instruction No. 7: Your verdict must be for defendant Melvin L. Gregory unless you believe that defendant Melvin L. Gregory was negli-gent, and that plaintiffs sustained damage as a direct result thereof." [MAI 33.04(4) modified] "Instruction No. 10: Your verdict must be for defendant Mark W. Grabanski and against both plaintiff Everett [sic] Anderson and plaintiff Janet Anderson unless you believe that defendant Mark W. Grabanski was negligent as submitted in Instructions Number 8 and 9." [MAI 33.03(2) modified]

ed to Instructions No. 5 and 6, plaintiffs' verdict directors against defendant Gregory. Finally, Instruction No. 10 was directed to Instructions No. 8 and 9, plaintiffs' verdict directors against defendant Grabanski.

Generally, a defendant is entitled to submit *one* converse instruction for each theory of recovery submitted by plaintiff or plaintiffs. *Murphy v. Land*, 420 S.W.2d 505, 507[1–2] (Mo.1967). Thus, where multiple plaintiffs submit several verdict directors based on one theory of recovery against defendant, defendant may submit only one converse instruction. Where one plaintiff submits multiple theories of recovery, however, defendant may submit one converse for each verdict director submitting a different theory. *Demko v. H & H Investment Co.*, 527 S.W.2d 382, 388[7] (Mo. App.1975); *Brown v. Jones Store*, 493 S.W.2d 39, 42[6–7] (Mo.App.1973); *Royal Indemnity Co. v. Schneider*, 485 S.W.2d 452, 457–458[2] (Mo.App.1972).[2] Where multiple plaintiffs submit the same theory of recovery but different damage submissions, defendant may submit multiple converse instructions that are directed to the diverse damage submissions. *Wyatt v. Southwestern Bell Telephone Co.*, 514 S.W.2d 366, 370[4] (Mo.App.1974); *Cragin v. Lobbey*, 537 S.W.2d 193, 196[7] (Mo.App.1976).[3]

In the instant case, plaintiffs sued three defendants alleging different acts of negligence by each defendant. Mutert allegedly failed to keep a careful lookout, to swerve or to slacken his speed; Gregory allegedly failed to keep a careful lookout or to yield the right-of-way; Grabanski allegedly failed to keep a careful lookout or to slacken his speed, swerve or sound a warning. Mrs. Anderson submitted a damage instruction that differed from her husband's based on her separate, derivative claim for loss of consortium. Thus, each of the defendants was entitled to one converse instruction directed to his negligent acts as submitted by the verdict director setting forth those acts and to a second converse instruction directed to the limited issue of Mrs. Anderson's damages for loss of consortium. But, defendants Mutert and Gregory submitted only one converse instruction, which incorporated the separate damage claims of Mr. and Mrs. Anderson. Defendant Grabanski also submitted only one converse instruction, but his instruction omitted the damage issue and was directed solely to negligence. The question, then, is whether the absence of a second converse instruction directed to Mrs. Anderson's separate damages and the inclusion of her damage claim in the negligence converse instruction was erroneous. We find it was error for defendants Mutert and Gregory to submit one converse instruction directed to the separate issues in this case of negligence and damages.

Submission of a single converse instruction which included both negligence and two separate damage claims required a finding that *both* Mr. and Mrs. Anderson must have sustained damages before either one individually could recover. Such requirement is contrary to law. *Conger v. Queen City Food & Vending, Inc.*, 591 S.W.2d 161, 164[6] (Mo.App.1979). Mr. Anderson's right of recovery for his injuries was not conditioned upon his wife's recovery for loss of consortium. The instructions of defendants Mutert and Gregory required the jury to find more than the essential elements of negligence in Mr. Anderson's case. *Long v. REA Express Co.*, 573 S.W.2d 62, 67 (Mo.App.1978). For these reasons their instructions were erroneous. See also *Mayberry v. Clarkson Construction Co.*, 482 S.W.2d 721 (Mo.1972); *Burrow v. Moyer*, 519 S.W.2d 568 (Mo.App.1975).

---

2. But where there are multiple defendants and plaintiff's theory is the joint liability of all defendants, then defendants are jointly entitled to only one converse instruction. *Brown v. Jones Store*, supra, citing *Scheele v. American Bakeries Co.*, 427 S.W.2d 361, 363 (Mo.1968).

3. The 1980 Supplement replacing the 1978 pocket part to MAI, Second Edition, although not in effect at the time of this trial, addresses the problem of converse instructions stemming from litigation involving multiple parties and theories of recovery in a note to MAI 33.01 captioned "How Many Converse Instructions Will Be Allowed?" The note supports our holding.

■ Although Instructions No. 4 and 7 were erroneous, the further question remains whether or not they were prejudicial. Because the jury returned a verdict in favor of Mr. Anderson and against defendant Mutert and a separate verdict in favor of defendants and against Mrs. Anderson, it does not appear that the jury here was confused or misled by their converse instructions. Thus, there was no prejudice arising from the giving of those instructions. Our ruling is not intended to indicate general approval of the practice of submitting a single converse, and we caution against such practice. Our ruling is based solely on the verdict returned in this particular case.

■ The converse of defendant Grabanski was only directed to plaintiffs' common theory of recovery, negligence. It did not meet the issue of damages. Thus, the use of a single converse was proper. See *Kopp v. C. C. Caldwell Optical Co.*, 547 S.W.2d 872, 881[6] (Mo.App.1977). In addition, a defendant may converse any one or more of the elements of the case and is not required to converse all parts of the verdict director. *Anderson v. Cahill*, 528 S.W.2d 742, 747[3] (Mo. banc 1975). Defendant Grabanski could properly omit the issue of damages from his converse.

Plaintiffs in their next point contend that the trial court erred in denying their motion for new trial because the jury's verdict against Mrs. Anderson and in favor of defendant Mutert on her claim for loss of consortium was inconsistent with its verdict in favor of Mr. Anderson and against defendant Mutert. In advancing this position, plaintiffs rely heavily on the fact that defendant introduced no evidence at trial to contravene Mrs. Anderson's testimony supporting her consortium claim.

There is authority in Missouri to support plaintiffs' argument that a verdict in favor of one spouse in a personal injury action and against the other spouse on a claim for loss of consortium is inconsistent when, as here, there is undisputed testimony supporting the claim for the consortium damages. See *Barlow v. Thornhill*, 537 S.W.2d 412, 423 (Mo. banc 1976). There is also firm support, however, for the principle that a reviewing court must defer to the trier of fact in determining the credibility of witnesses, even when their testimony is uncontradicted. This principle was clearly enunciated by our Supreme Court in 1972 and has been relied on repeatedly by each district of the Court of Appeals. *Miller v. Gayman*, 482 S.W.2d 414, 420 (Mo.1972); *Weiss v. Fayant*, 606 S.W.2d 440, 443 (Mo.App.1980); *D.S. v. H.T.H.*, 600 S.W.2d 698, 700–701 (Mo.App.1980); *Cave v. Cave*, 593 S.W.2d 592, 595 (Mo.App.1979); *Centennial Insurance Co. v. International Motor Car Co.*, 581 S.W.2d 883, 885 (Mo.App.1979); *Lackey v. Joule*, 577 S.W.2d 114, 116–117 (Mo.App.1978); *Cloyd v. Cloyd*, 564 S.W.2d 337, 343 (Mo.App.1978); *Intertherm, Inc. v. Coronet Imperial Corporation*, 558 S.W.2d 344, 348 (Mo.App.1977); *Jaeger v. Jaeger*, 547 S.W.2d 207, 213 (Mo.App.1977); *Labor Discount Center, Inc. v. State Bank & Trust Company of Wellston*, 526 S.W.2d 407, 421 (Mo.App.1975). In each of the foregoing cases the trier of fact was the judge, but whether the trier of fact be the court or the jury is immaterial insofar as assessing credibility is concerned. *State v. Holmes*, 439 S.W.2d 518, 521 (Mo.1969); *State v. West*, 575 S.W.2d 257, 258 (Mo.App.1978). See *Dieckmann v. Marshall*, 457 S.W.2d 242, 244[3] (Mo.App.1970) and *State v. Simmons*, 494 S.W.2d 302, 303 (Mo.1973).

■ A cause of action accruing to a party for loss of consortium is separate and distinct from that of the party's spouse suffering personal injury. The spouse seeking compensation for loss of consortium must show that he or she suffered damages arising out of the other's injuries. *Robben v. Peters*, 427 S.W.2d 753, 757 (Mo.App. 1968). The verdict for Mr. Anderson and against Mrs. Anderson with respect to the claim against Mutert was consistent with a jury finding that, although Mr. Anderson was injured as a result of Mutert's negligence, Mrs. Anderson suffered no damages as a result thereof. There was no evidence on the issue of consortium damages except the testimony of Mrs. Anderson herself. The jury was free to disbelieve her. "[T]he

jury may believe all or none of the testimony of any witness . . . . " *Chapman v. King*, 396 S.W.2d 29, 35[7] (Mo.App.1965). See also *Lauber v. Buck*, 615 S.W.2d 89, 92 (Mo.App.1981). To rule for plaintiffs on this issue would be, in essence, to direct a verdict for them on a question that we believe rightly went to the jury. We accordingly uphold the trial court's refusal to grant a new trial on this issue.

Finally, plaintiffs contend that the trial court erred in denying its motion for new trial because the jury's verdict in favor of defendants Gregory and Grabanski was "inconsistent" with the evidence and the law concerning causation and damages. Plaintiffs argue that the evidence could result in only one conclusion—verdict for plaintiffs—because either Gregory or Grabanski negligently caused the accident giving rise to plaintiff Everette's injuries.

■ When a motion for new trial has been overruled, an appellate court reviews that ruling to determine if there was substantial evidence to support the verdict, *Goodin v. May*, 474 S.W.2d 33, 35[4] (Mo.App.1971), viewing the evidence in the light most favorable to the jury's verdict. *Schmid v. Langenberg*, 526 S.W.2d 940, 942 (Mo.App.1975). Thus, this court must determine if the evidence, viewed in the light most favorable to defendants, supported the jury verdict in favor of defendants.

■ The facts regarding the cause of the accident between defendant Gregory's vehicle and defendant Grabanski's vehicle are conflicting. It is impossible to determine which testimony the jury believed; consequently, this court will not attempt to recite facts attributing the accident to the negligent conduct of either defendant. It is not necessary to determine that one or both defendants were free from or liable for negligence in order to find support for the jury verdict. Based on the record, it appears that the jury found that Mr. Anderson did not suffer injuries as a result of the accident involving defendants Gregory and Grabanski (the second accident).

The evidence indicated that, following the first accident (involving defendant Mutert), Mr. Anderson's head hit the windshield of Mutert's automobile and he immediately experienced pain in his head and neck. He went to the hospital for x-rays and was released. He received treatment from his family physician, Dr. James E. Jones, once or twice a week for two months. He was again admitted to the hospital for traction and remained six days. Upon his release and until the time of the second accident, Mr. Anderson received treatment from Dr. Jones. Mr. Anderson testified that he continued to have pain and to receive treatment after the second accident. He reached a point where he felt his condition would not improve appreciably and discontinued treatments. Dr. Jones stated that Mr. Anderson had no neurological changes after the second accident. At all times his range of motion was normal. Almost two years after the second accident he was readmitted to the hospital but, while he was examined for neck pain, he was treated primarily for conditions unrelated to either accident. The jury could have found from this evidence that the pain Mr. Anderson experienced was solely the result of the first accident and the treatment he received following the second accident was simply a continuation of treatment from the first accident. Thus, the jury could find that he suffered no damage as a result of the second accident. It is not the duty of this court to second guess the jury in its interpretation of the evidence. We find that the jury verdict was supported by the evidence.

Plaintiffs rely on *Burr v. Singh*, 362 Mo. 692, 243 S.W.2d 295 (1951). The case is inapposite. The trial court there granted a new trial. Thus, a different standard of review was applicable to that case than is applicable to the present case.

Judgment is affirmed.

GUNN, P. J., and PUDLOWSKI, J., concur.