**RESCO CONSTRUCTION CO.,**
**Appellant,**

v.

**DAWSON CABINET COMPANY,**
**Respondent.**

No. 12775.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 17, 1983.

Karl W. Blanchard, Jr., Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, and Randall Palmer, Pittsburg, Kan., for appellant.

Max H. Glover, Webb City, for respondent.

CROW, Judge.

Resco Construction Co. ("Resco"), a Missouri corporation, appeals from the trial court's order granting a motion for new trial by Dawson Cabinet Company ("Dawson"), a Missouri corporation.

Resco contracted to construct a building with a concrete floor for Dawson on Dawson's land. After the building was completed, Dawson was dissatisfied with the floor. Dawson paid Resco less than the contract price. Resco sued for the balance. Dawson counterclaimed for damages allegedly sustained as a result of Resco's breach of the contract in installing the floor in "an unskillful and negligent manner."

A jury returned a verdict for Resco on its claim, awarding damages, interest and attorneys' fees. The jury also returned a verdict for Resco on Dawson's counterclaim.

In a memorandum containing the reasons for ordering the new trial, the trial court stated it felt the "verdict" [1] was against the weight of the evidence, in that the jury apparently did not take time to consider certain evidence about the cost of correcting some problems Resco admitted existed in the floor. Additionally, the court found the interest awarded by the jury to be excessive, and surmised that the jury did not take the few minutes necessary to calculate the proper amount. The court expressed a belief that the jury's "non-consideration" of these items was tantamount to "passion, bias and/or prejudice" that results in an improper verdict. The court concluded that inasmuch as the jury did not properly consider damages, it could not be said that they properly considered liability.

■ In entering its order, the trial court sustained paragraphs 1 and 2 of Dawson's motion for new trial.[2] Resco asserts those paragraphs dealt only with the issue of damages, thus the court, at most, should

1. There were, as already explained, two verdicts. In its memorandum, the trial court referred only to the verdict on Resco's claim against Dawson. The court, however, ordered a new trial on "all issues." It appears from the briefs that both parties interpret the order as commanding a new trial of Resco's claim against Dawson, together with Dawson's counterclaim against Resco. We acquiesce in that interpretation.

2. The motion contained nine numbered paragraphs, each asserting a separate ground for a new trial.

have ordered only a remittitur or a new trial on damages.[3]

The trial court did not construe those paragraphs as does Resco. The trial court, recognizing that the two paragraphs were "not beautifully worded," interpreted them as alleging that the "verdict"[4] was against the weight of the evidence.

We believe the trial court was correct in its interpretation of paragraph 2 of Dawson's motion.[5] Accordingly, we need not decide whether the trial court was correct about paragraph 1, nor need we comment about a trial court awarding a new trial on the ground that a verdict is against the weight of the evidence when no such allegation appears in the motion for new trial.[6]

Having set these items in place, we proceed to the dispositive issue—whether the trial court erred in ordering a new trial on the ground that the verdicts were against the weight of the evidence.

■ A Missouri trial court is vested with broad discretion in granting one new trial on the ground that the verdict is against the weight of the evidence. *State ex rel. State Highway Commission v. Klipsch,* 414 S.W.2d 783, 786 (Mo.1967); *State ex rel. State Highway Commission v. Belvidere Development Co.,* 315 S.W.2d 781, 784 (Mo.1958); *Andres v. Brown,* 300 S.W.2d 800, 801 (Mo.1957); § 510.330, RSMo 1978. Ruling that a verdict is against the weight of the evidence is peculiarly within the discretion of the trial court, which may weigh the evidence. *Slusher v. United Electric Coal Companies,* 456 S.W.2d 339, 340 (Mo.1970). Unlike the trial court, we may not pass upon the weight of the evidence, *State ex rel. State Highway Commission v. Eilers,* 406 S.W.2d

567, 575 (Mo.1966), nor can we disturb the trial court's order absent manifest abuse of discretion, *Burnett v. St. Louis Public Service Co.,* 337 S.W.2d 921, 923 (Mo.1960); *Allman v. Yoder,* 325 S.W.2d 472, 473 (Mo. 1959). Discretion is not abused where there was substantial evidence to support a verdict for the party awarded the new trial. *Wilson v. Missouri-Kansas-Texas Railroad Co.,* 595 S.W.2d 41, 46 (Mo.App.1980); *Kreutz v. Wolff,* 560 S.W.2d 271, 279 (Mo. App.1977); *Day v. Mayberry,* 421 S.W.2d 34, 38 (Mo.App.1967).

Here, there was substantial evidence to support a verdict for Dawson on Resco's claim, and a verdict for Dawson on its counterclaim.[7] Resco does not argue otherwise. Instead, Resco takes issue with the trial court's "standard" of "non-consideration," arguing that it (a) constitutes a challenge to the jury's reasoning process, an area into which inquiry is not allowed, and (b) does not amount to "bias, passion and prejudice."

■ The flaw in Resco's argument is that—as we read the record—the trial court ordered the new trial because the verdicts were against the weight of the evidence. The trial court's embellishments about the jury's deliberative processes, and its suspected "non-consideration" of certain evidence, were nothing more than an effort by the trial court to explain to the parties and their attorneys why the court ruled the verdicts were against the weight of the evidence.

■ A trial court that grants a new trial on the ground that the verdict was against the weight of the evidence is not

---

3. We assume Resco means the court should have left intact the verdict on Dawson's counterclaim, and ordered either (1) a remittitur by Resco from the verdict on its claim, or (2) a new trial on the sole issue of damages on that claim.

4. Footnote 1, supra.

5. Paragraph 2 of Dawson's motion for new trial says: "Because the jury's verdict was against the evidence in that the plaintiff admitted de-

fects in the construction and admitted at least Five Hundred Dollars ($500.00) damages for repair of the same."

6. See § 510.370, RSMo 1978, and *Schipper v. Brashear Truck Co.,* 132 S.W.2d 993, 995[1] (Mo.1939).

7. We do not imply there was no substantial evidence to support the verdicts the jury returned.

required to further set forth its reasons for that conclusion, or the mental process by which it made that determination. *Burr v. Singh,* 362 Mo. 692, 243 S.W.2d 295, 300 (1951). Thus, even though a trial court may give obscure, incorrect or erroneous reasons for its order granting a new trial on the ground that the verdict was against the weight of the evidence, the decision is conclusively presumed to have been made on that ground. *Id.* We are persuaded, and accordingly hold, that the new trial ordered here was granted on the discretionary ground that the verdicts were against the weight of the evidence, *Sawyer v. Winterholder,* 195 S.W.2d 659, 661 (Mo.1946), and not on the "ground" of "non-consideration." As there was substantial evidence that would have supported verdicts for Dawson on all issues, it is axiomatic that the trial court did not abuse its discretion in ordering the new trial. *Wilson, Kruetz* and *Day,* supra. We cannot, therefore, disturb the trial court's order.[8] *Burnett* and *Allman,* supra.

The order granting Dawson a new trial is affirmed and the cause is remanded.

GREENE, C.J., and TITUS, J., concur.

FLANIGAN, P.J., concurs in result.

---

**8.** The trial court's memorandum included another "ground" for granting the new trial, i.e. that the court committed plain error affecting substantial rights of the parties in the method and manner the court handled the jury when a tornado was sighted within a few miles of the courthouse during the jury's deliberations.

Having held that the trial court did not err in granting a new trial on the discretionary ground that the verdicts were against the weight of the evidence, we need not consider whether the court would have been correct in granting a new trial because of the tornado problems alone.