Shelly HARRELL and Mary Lou
Harrell, Respondents,

v.

Anna KNIGHT, Appellant.

No. 47938.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 9, 1984.

Godfrey, Vandover & Burns, Denis C. Burns, St. Louis, for appellant.

Edgar & Frawley, Regina A. Licata, St. Louis, for respondents.

CRIST, Judge.

This is an appeal from the trial court's order sustaining a motion for new trial in a personal injury case. We reverse.

The subject of the case is a two-car collision at the intersection of Watson Road and McKenzie Road in St. Louis County. The cars were driven by Shelly Harrell, plaintiff and Anna Knight, defendant. Mary Lou Harrell, Shelly's mother and co-plaintiff, sued for reimbursement of personal property expenses resulting from the accident.

The jury returned a verdict for defendant Knight. Plaintiffs moved for a new trial based on improper jury instructions. The trial judge granted the motion. The grounds for the motion were: (1) defendant improperly submitted two converse instructions, one in each package, while plaintiffs presented only a single theory of recovery in their verdict directors; (2) defendant's contributory negligence instructions were not supported by the evidence; and (3) defendant's contributory negligence instruc-

tions actually presented additional affirmative converse instructions and should not have been allowed. We disagree with the trial court's ruling.

Two verdict packages were submitted to the jury: one package for personal injury to the driver; the other for out-of-pocket expenses for her mother. A verdict directing instruction on negligence was submitted in each package, containing two disjunctive elements: failure to keep a careful look-out and violating the traffic signal. Defendant submitted a converse on negligence for each verdict director. She also submitted a contributory negligence instruction in each package, naming as disjunctive elements violating the traffic signal and driving at an excessive speed.

We set out only the verdict director of plaintiff driver, defendant's converse and defendant's contributory negligence instructions.

### INSTRUCTION NO. 8

Your verdict must be for Shelly Harrell if you believe:

First, either:

Anna Knight failed to keep a careful lookout, or

Anna Knight violated the traffic signal, and

Second, Anna Knight in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, as a direct result of such negligence, Shelly Harrell sustained damage, unless you believe Shelly Harrell is not entitled to recover by reason of Instruction Number 10.

### INSTRUCTION No. 9

Your verdict must be for defendant Anna Knight on the claim of plaintiff Shelly Harrell for damages unless you believe defendant Anna Knight was negligent.

### INSTRUCTION No. 10

Your verdict must be for defendant Anna Knight on the claim of plaintiff Shelly Harrell for damages if you believe:

First, either:

Plaintiff Shelly Harrell violated the traffic signal, or

Plaintiff Shelly Harrell drove at an excessive speed, and

Second, plaintiff Shelly Harrell, in any one or more of the respects submitted in Paragraph First, was thereby negligent, and

Third, such negligence of plaintiff Shelly Harrell directly caused or directly contributed to cause any damage Plaintiff Shelly Harrell may have sustained.

■ The trial court's power to grant a new trial is discretionary only as to questions of fact, not matters of law. *Spalding v. Monat*, 650 S.W.2d 629, 631 (Mo.App. 1981); *Curtis v. Curtis*, 491 S.W.2d 29, 33 (Mo.App.1973). Defendant did not err in her submission of jury instructions.

■ Defendant's submission of a converse in each package of instructions, Instructions No. 9 and No. 14, was proper. *Anderson v. Mutert*, 619 S.W.2d 941, 944 (Mo.App.1981): MAI 2.00 (1981 Rev.). Plaintiff's claim that there was insufficient evidence to support defendant's defense of violation of the traffic signal fails. Defendant testified she had a green arrow. If that were true, the signal controlling plaintiff's vehicle was red.

■ Finally, defendant's Instructions No. 10 and No. 15 were proper. Defendant presented two acts of contributory negligence: violation of the traffic signal and excessive speed. Each offers a theory by which the defendant could be adjudged negligent and the plaintiff contribute to the collision: (1) defendant failed to keep a careful lookout or violated the traffic signal and plaintiff travelled at an excessive speed; or (2) defendant failed to keep a careful lookout and plaintiff violated the traffic signal.

Defendant's contributory negligence instruction of violating the signal does not merely converse the verdict director. It allows the jury to find that plaintiff committed her own negligent act, violating the light, which combined with defendant's failure to keep a careful lookout and resulted

in the accident. Defendant had a right to submit a contributory negligence instruction based upon her theories of plaintiff's negligence. Defendant's defense that plaintiff driver violated a red light was not an impermissible second converse: *Van Dyke v. Major Tractor & Equipment Co.*, 557 S.W.2d 11, 15 (Mo.App.1977).

The order sustaining the motion for new trial is reversed, and the judgment on the jury verdict is reinstated.

REINHARD, C.J., and KAROHL, J., concur.