Alfred **THOMAS**, Appellant,

v.

**DURHAM MOTORS, INC.**, et al.,
Respondents.

No. 24168.

Kansas City Court of Appeals.

Missouri.

April 5, 1965.

Benard Eveloff, Kansas City, for appellant.

Richard K. Phelps, Lee's Summit, for respondents.

HUNTER, Judge.

This is a suit for actual and punitive damages resulting from the alleged fraud of respondent, Durham Motors, Inc.,

through its employee, respondent Robert Vallencourt, in the sale of an automobile to Alfred Thomas, appellant. The jury's verdict was for appellant and against *both* respondents in the sum of $849.70 actual damages and $2,000 punitive damages. Respondents filed a motion for new trial alleging prejudicial error in the giving of Instruction No. 5. The trial court, after giving appellant the opportunity of remitting the punitive damages which appellant refused to do, sustained the motion and granted a new trial. This appeal followed.

Since the only issue concerns Instruction No. 5 the pertinent facts may be briefly stated. Durham Motors, Inc., a corporation, was engaged in the used car business in Kansas City. Robert Vallencourt was its employee-salesman. About March 2, 1961, Thomas discussed the purchase of a 1959 Lincoln automobile with Vallencourt, and after reaching an agreement as to price and terms Thomas signed a purchase money chattel mortgage and note setting forth the terms of sale. Commercial Credit Corporation purchased "this note" and sent Thomas a "credit book" which according to Thomas showed different terms than those agreed upon. Thomas stated the mortgage and note sold to Commercial Credit was a forgery in that it contained someone else's and not his signature on it and contained different terms from the one he had signed. He attributed this to respondents. He testified he had to pay a difference of $849.70 more by the terms of the forgery and this is what he asserts is his actual damage.

During the trial Thomas's attorney, without objection being made, read to the jury a statement giving the net worth of Durham Motors, Inc., as between $150,000 and $175,000. There was no evidence as to the financial worth of Vallencourt.

Instruction No. 4 told the jury if they found the named acts of defendants were maliciously and willfully done that in addition to actual damages "you may assess against the defendants by way of punish-

ment * * * such sum as you think proper and fair."

Objected to Instruction No. 5 read: "The Court instructs the jury that if you find for the plaintiff and if you assess punitive damages against defendants, then you may take into consideration in arriving at the amount of such punitive damages defendants' financial condition."

■ It is the general rule that in a suit involving exemplary damages against one person or one corporation the defendant's worth or financial condition is competent and relevant.

■ However, many jurisdictions, including Missouri, follow the rule that where a number of defendants are sued jointly, their wealth, either individually or collectively can not be shown for the purpose of punitive damages, for one defendant cannot be punished for the wealth of another. Dawes v. Starrett, Mo.Sup., 82 S.W. 2d 43; Gray v. Phillips Bldg. Co., Mo.App., 51 S.W.2d 181; Wolfersberger v. Miller, 327 Mo. 150, 39 S.W.2d 758; Stansberry v. McDowell, Mo.App., 186 S.W. 757; Schafer v. Ostmann, 148 Mo.App. 644, 129 S.W.2d 63; Leavell v. Leavell, 114 Mo. App. 24, 89 S.W. 55; Annotation, 63 A.L.R. 1405.

In the Dawes case, supra, 82 S.W.2d loc. cit. 60, our Supreme Court stated, "The general rule is that where exemplary or punitive damages are recoverable, as in this case, it is proper for the jury to consider defendant's wealth and pecuniary ability in fixing the amount of such damages. But where the *action is against two or more* defendants jointly, our courts have approved and followed the rule announced by the Supreme Court of the United States in Washington Gas Light Co. v. Lansden, 172 U.S. 534, 19 S.Ct. 296, 303, 43 L.Ed. 543. It is there said: 'As the verdict must be for one sum against all defendants who are guilty, it seems to be plain that, when a plaintiff voluntarily joins several parties as defendants, he must be held to thereby

waive any right to recover punitive damages against all, founded upon evidence of the ability of one of the several defendants to pay them.'" In the Stansberry case, supra, 186 S.W. loc. cit. 762, it was expressed, "The suit is against two defendants, and a joint judgment is sought which must be identical in amount as to each defendant. In such cases, evidence as to the financial worth of *either or both* defendants is not admissible." (Italics ours.) In the Wolfersberger case, supra, 39 S.W.2d loc. cit. 765, the Supreme Court stated, "We are unable to see * * * (that) evidence relating to the wealth of any defendant, was justified. Where a number of defendants are sued jointly, their wealth, either individually or collectively, cannot be shown for the purpose of punitive damages, for one defendant cannot be punished because of the wealth of another."

■ In the light of the above authority, Instruction No. 5 is clearly erroneous. The instruction improperly instructs the jury that in assessing the amount of punitive damages against the defendants it may consider "defendants' financial condition". This is not a correct statement of the law for one defendant is not to be punished according to or as a result of considering the financial condition of both defendants.

■ Appellant suggests the error is cured by respondents' failure to object to the offer in evidence of the testimony concerning the corporation's net assets. If such an objection had been made it should have been sustained. Even so, if through failure to object irrelevant or improper evidence is adduced a party is not entitled thereby to successfully contend it may use the admission of the improper evidence as justification for the giving of an erroneous instruction. The situation is somewhat comparable to the rule that one cannot make prejudicial arguments on immaterial facts which happen to get into the record without objection and justify the argument on the ground that facts about which he argued were in the record. See, Wallace

v. Whitzel, Mo.App., 324 S.W.2d 157(b); Beer v. Martel, 332 Mo. 53, 55 S.W.2d 482, 484.

■ Appellant also contends no prejudice resulted to Durham Motors, Inc., from the instruction. It is the rule that if there was no prejudice resulting from the erroneous instruction then the error would be harmless and would not be the basis for granting a new trial. If there was evidence of Vallencourt's financial condition then clearly it would be prejudicial to Durham Motors, Inc., to direct the jury it should consider that evidence in assessing punitive damages against Durham Motors, Inc. If there was no evidence of Vallencourt's financial condition then there was no evidence upon which to base an instruction directing that Vallencourt's financial condition should be considered in determining the amount of punitive damages to be assessed against the two defendants jointly. At one place in his brief appellant argues there is evidence in the record concerning Vallencourt's financial condition (inferentially from Vallencourt's type of job and his fear of discharge for his actions) and in other places in his brief argues there is no evidence of Vallencourt's financial condition and therefore Durham Motors, Inc., could not have been prejudiced by the instruction permitting the jury to consider both defendants' financial condition in determining the amount of the punitive damages. Appellant's conclusion is that the trial court should not have granted a new trial to Durham Motors, Inc., even if it was proper to grant one to Vallencourt.

■ We do not agree with appellant's contention and for the reason we are convinced the erroneous instruction was prejudicial to Durham Motors, Inc. The instruction authorized the jury to look to the financial condition of both defendants in determining the amount to be assessed against Durham Motors, Inc. This invited the jury to try to determine (speculate as to) the financial condition of Vallencourt

and to add it to that of the corporation. The instruction in any event must have confused the jury as to how the jury should determine the amount of punitive damages. It is fair to assume the trial court had this view of the effect of the instruction for the trial judge granted a new trial because of the complained of error in the instruction.

 As its final contention appellant says that if there must be a new trial it should have been granted only on the issue of punitive damages. Civil Rule 78.01, V.A.M.R., authorizes a trial court to grant a new trial "on all or part of the issues". This authorizes the trial court to exercise a sound discretion in determining whether a new trial should be granted on the issue of damages only or as to all issues. The trial court may be reversed in such determination only for an abuse of that discretion. In exercising its discretion the trial court is presumed to have weighed and considered the evidence and the possibility of prejudice to the various parties. See, Annotation, 29 A.L.R.2d 1213; Taylor v. St. Louis Public Service Co., Mo.Sup., 303 S.W.2d 608.

Where the facts pertaining to damages and liability are so interwoven that a retrial on the issue of damages only would prejudice a party the trial court should not limit the retrial to the damage issue. The issue must be clearly severable from the other issues in the case and not so blended or interwoven as to make it unfair or prejudicial to try them separately. In 66 C.J.S. New Trial, § 11e, (1), page 96, it is stated, "Where the damages claimed and submitted to the jury by the court are both compensatory and punitive, the element of punitive damage has been held to make it impossible for the jury at a second trial to give an adequate appraisal of the merits of plaintiff's claim without the proofs to establish liability being again presented."

Thus, where punitive damages are an issue the trial court must consider and decide whether that damage issue can be tried alone without injustice to the defendant. With these considerations in mind we rule the trial court did not abuse its discretion in granting a new trial on all issues and in refusing to grant a new trial on the issue of punitive damages alone. See, Wessels v. Smith, Mo.Sup., 341 S.W.2d 104; Greco v. Hendricks, Mo.Sup., 327 S. W.2d 241, 247.

The judgment ordering a new trial is affirmed and the cause is remanded.

All concur.