Ron R. KRYGIEL, Appellant,

v.

**DON DARR PONTIAC, INC.,**
Respondent.

No. 47494.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 1984.

Richard B. Blanke, St. Louis, for appellant.

James E. McDaniel, St. Louis, for respondent.

REINHARD, Judge.

Plaintiff appeals from the trial court's order granting defendant a new trial. We affirm.

Plaintiff filed a five count petition against defendant: Count I for intentional misrepresentation; Count II for breach of express warranty; Count III for breach of contract; Count IV for recission; and Count V for breach of implied warranty of merchantability. Count IV was tried in equity and a judgment was entered in favor of defendant. Counts I, II, III and V were tried to a jury. At the close of the plaintiff's case, the trial court granted defendant's motion for directed verdict on Count I. Counts II, III and V were submitted to the jury by three verdict directing instructions and three verdict forms, A, B and C. The jury returned a verdict for plaintiff on Count II for $2,500.00; for plaintiff on Count III for $8,000.00; and for plaintiff on Count V for $2,500.00. The court entered judgment for plaintiff in the amount of $13,000.00.

Defendant filed a motion for new trial. Subsequently, the court entered an order in which it stated that, "[t]he Court finds that plaintiff was entitled to one recovery under Counts II, III and V. The Court erred in giving Verdict forms A, B and C to the jury. Therefore the court on its own mo-

tion, grants the defendant a New Trial on all issues."

Plaintiff does not dispute that he was only entitled to one recovery and that it was error to submit three separate verdict forms to the jury. However, in his lone point on appeal, he argues the trial court abused its discretion in ordering a new trial on all issues and instead should have limited the new trial to damages only.

■ Rule 78.01 authorizes a trial court to grant a new trial on all or part of the issues. This authorizes the court to exercise sound discretion in determining whether a new trial should be granted on the issue of damages only or as to all issues. The trial court may be reversed in such a determination only for an abuse of that discretion. In exercising its discretion the trial court is presumed to have weighed and considered the evidence and the possibility of prejudice to the various parties. *Thomas v. Dunham Motors, Inc.,* 389 S.W.2d 412, 416 (Mo.App.1965). When the trial court finds error in the damages portion of the trial and grants a new trial to defendant on all issues, the appellate courts have been liberal in deferring to the trial court's action. *Coonis v. Springfield,* 319 S.W.2d 523, 528 (Mo.1958). In exercising its discretion under Rule 78.01, the court's ruling is presumed correct. *Lilly v. Boswell,* 362 Mo. 444, 242 S.W.2d 73, 79 (1951). A new trial may be granted on less than all issues only when it is made to appear from the record that one or more issues have been properly considered and that a new trial limited to the remaining issue will not result in injustice or prejudice to the defendant. *Underwood v. Brockmeyer,* 318 S.W.2d 192, 195 (Mo.1958); *Arstein v. Pallo,* 388 S.W.2d 877, 882 (Mo. banc 1965).

■ The record on appeal consists only of the legal file. Plaintiff has chosen not to file a transcript of the testimony at the trial. In deciding to award a new trial to defendant on all issues, the trial court had an opportunity to weigh and consider the evidence and determine the possibility of prejudice to the parties. Without a com-

plete record of the proceedings below, we cannot determine whether the trial court abused its discretion.

Affirmed.

KAROHL, P.J., and GAERTNER, J., concur.