Florence J. PHILLIPS, Appellant,

v.

Lyle H. LIVELY, d/b/a Lively Optical Service, Respondent.

No. WD 36900.

Missouri Court of Appeals, Western District.

April 22, 1986.

Robert Adelman, James W. Jeans, Sr., Jeans, Bellmann & Fletcher, Kansas City, for appellant.

Christopher C. Iliff, Bagby, Jacob & Iliff, Kansas City, for respondent.

Before TURNAGE, J., Presiding, and DIXON and LOWENSTEIN, JJ.

DIXON, Judge.

Plaintiff appeals an order granting a new trial on all the issues. Plaintiff had recovered a jury verdict and filed a motion for a new trial on the issue of damages alone. The trial court order directing the new trial specifically recited that the new trial was ordered because of trial court error in excluding evidence of the permanency of plaintiff's damages. No issue arises on this appeal concerning the correctness of that ruling.

The appeal taken by plaintiff raises three issues. First, plaintiff asserts there was insufficient evidence to permit the submission of a contributory fault instruction. Second, she asserts that the trial court erred in refusing a tendered instruction modeled after M.A.I. 22.03 and in giving instead an instruction which contained language requiring a percentage of fault be assessed against defendant. Third, the plaintiff argues that the trial court should not have ordered a new trial on all issues but should have limited the new trial to the issue of damages.

Plaintiff's counsel has appropriately and commendably abbreviated the transcript to present the evidence essential to the issues. Plaintiff was injured in a fall in the office of the defendant. Plaintiff had been seated in a chair immediately before the fall. The factual issue is whether the plaintiff caused the chair to tip over and collapse by leaning back so that one or two of the legs of the chair were off the floor, or whether the chair collapsed because of a defect in the chair.

The only evidence presented to show that plaintiff caused the chair to collapse came from defendant Lively. The critical portion of his direct testimony elicited by defendant's counsel follows:

Q. All right. Now, as Mrs. Phillips was sitting across the counter from you, can you tell me, did anything happen that was out of the ordinary?

A. Yeah, she leaned back in this chair, and her back got farther than the legs of the chair. The chair slid out from under her.

Q. What was the position of the two front legs at the time that the chair started—

A. They were off the floor. They were off the floor.

Q. Let me finish my question.

A. Oh, excuse me.

Q. What was the position of the two front legs at the time that the chair started sliding out from under her?

A. Well, they were up in the—they were off the floor.

. . . .

Q. And what happened then after the— the leg started to slide out from under her?

A. The leg slid out, and the right rear leg bent in when it went down.

On cross-examination Lively testified as follows:

Q. No, let me ask you what you saw.

A. What I saw?

Q. Did you see the leg go in?

A. Well, I—I seen—I saw that she leaned back.

Q. Did you see the leg go in?

A. Oh, no, I couldn't see that, un-unh.

Q. So that you don't know whether that leg went in before or after you saw her—

A. Yeah, I do, because after it happened the leg was in.

Q. Oh, so you saw—let me get again what you saw and didn't see. You saw that at some time while she was sitting there she went back—

A. Right.

Q. —correct?

A. Um-hum.

Q. And you saw that after she went back that the leg was tucked in or cocked in, right?

A. It was in, um-hum.

Plaintiff argues that the defendant's contributory fault instruction is not supported by the evidence. Defendant's contributory fault instruction required a finding by the jury that "plaintiff leaned back in defendant's chair and raised one or more legs of the chair off the floor in an unreasonable manner placing herself in peril." The plaintiff urges the testimony set forth above does not support the instruction because there is no proof of the sequence of events. The proof, says plaintiff, does not show whether the leg collapsed first or the plaintiff leaned back first and caused the leg to collapse. She argues that the proof thus demonstrates only that the accident was due to one of two causes and leaves it to speculation and conjecture as to which was the true cause of the plaintiff's injury. Plaintiff's argument concludes by asserting that when the proof supports two inconsistent propositions, then neither has been proven and the party with the burden of proof loses. Cited in support of that proposition are *Williams v. Cavender*, 378 S.W.2d 537 (Mo.1964) and *Lewis v. Hubert*, 532 S.W.2d 860 (Mo.App.1975).

Neither case cited by plaintiff supports the broad proposition which the plaintiff claims. Many cases involve situations where proof is inconsistent either because the testimony of different witnesses for the same party conflicts or because discrepancies arise between direct and cross-examination, or because a party may have presented different evidence on different theories. To say that in any case where the proof is inconsistent, no theory is proven is to say too much. The true rule relating to the question of inconsistency in testimonies relates only to proof by testimony of a single witness. The rule is well expressed in *Adelsberger v. Sheehy*, 332 Mo. 954, 961, 59 S.W.2d 644, 647 (1933):

Where a party relies on the testimony of a single witness to prove a given issue, and the testimony of such witness is contradictory and conflicting, one version thereof tending to prove the issue, the other tending to disprove it, with no explanation of the contradiction, and no other fact or circumstance in the case tending to show which version of the evidence is true, no case is made, and the jury should not be permitted to speculate or guess which statement of the witness should be accepted. On the other hand, if, in such a case, the conflicting and contradictory statements of the witness are reasonably explained, or if there are other facts and circumstances in the case tending to show which story of the witness is true, and from a fair consideration of all the facts and circumstances in evidence a jury could reasonably determine which statement of the witness should be accepted as true, then the credibility of the witness and the weight to be given to his testimony are questions for the jury.

Neither the *Cavender* case nor *Lewis v. Hubert* involve the situation stated in the *Adelsberger* case.

A case which comes much closer on the facts to the instant case is *Zeigenbein v. Thornsberry*, 401 S.W.2d 389 (Mo.1966). In that automobile negligence case a passenger was the only witness providing evidence which the court considered to establish liability. On direct examination, the witness clearly placed the defendant's vehicle on the wrong side of the center line. *Id.* at 391–392. On cross-examination there

was a very searching examination of her actions immediately prior to and at the time of the collision which cast serious doubt upon what she could have seen at the moment immediatley preceding the collision. *Id.* at 392. The testimony on cross-examination, fairly read, raised a question as to whether she could have seen what she testified she had seen. The Supreme Court, with *Cavender* and other similar cases cited, refused to find that her testimony did not make a submissible issue with respect to the negligence. *Id.* Examining the testimony in the instant case, it is equally clear that although the cross-examination has raised questions concerning the ability of the defendant to have determined the position of the leg at the moment the chair tipped back, it does not so destroy the credibility of his testimony as to leave it without probative force on the issue of the plaintiff's negligence. It was for the jury to say whether or not the plaintiff tipped the chair back and thereby caused the chair to collapse or whether the chair collapsed for other reasons. The issue of contributory negligence of the plaintiff was properly submitted to the jury and no error appears in that connection.

█ The plaintiff's next contention is premised upon the preceding one concerning the submission of contributory negligence. Shortly stated, the plaintiff's contention is that the court erred in submitting instruction number 7 which required the jury to assess a percentage of fault to defendant. The plaintiff contends alternatively that his refused instruction A, which omitted the language of assessment of a percentage of fault to the defendant, should have been given to the jury.

The plaintiff argues that the instruction number 7 was erroneous because it required the jury to find a percentage of fault. If the contention is understood, the plaintiff is arguing that such language in the verdict directing instruction leads the jury to assume that only a portion of the fault should be assessed against the defendant, and that, therefore, the verdict director as it was submitted is in violation of the basic rules under MAI. Plaintiff urges that the instruction is neither a complete nor correct statement of the law because there can be no reduction in the defendant's percentage of fault until the defendant has carried his burden of proof with respect to the issue of contributory negligence.

In the oral argument and to some extent in his brief, the plaintiff vehemently argues that his submitted instruction A should have been given in lieu of instruction number 7. Plaintiff says the only basis for the giving of instruction number 7 by the trial court was the court's belief that it was required to give instruction 7 in that form because it was the suggested form of instruction published in the January/February 1984 edition of the Journal of The Missouri Bar. The plaintiff urges that over two years have passed since the publication of that instruction and it has never been approved or disapproved by the Supreme Court. The plaintiff contends that trial judges are instructing juries upon the basis of what a committee thought and not upon any determination by a court that the instruction is proper or improper. Whatever merit plaintiff's arguments may have had at some past point in the development of comparative fault law, they have little or no merit at the present time. The plaintiff herself cited *Finninger v. Johnson*, 692 S.W.2d 390 (Mo.App.1985), in support of the proposition that it is error to submit instructions on comparative negligence where there is no substantial evidence of comparative negligence in the record. Because of that determination, if there had been no submissible case of contributory negligence, MAI 22.03 would have been given without the language about which plaintiff complains. Since there was evidence of contributory negligence and since there was instruction on that issue, the instructions must be read as a whole. Reading the instructions as a whole, together with the forms of verdict, it is apparent that the use of the language in the verdict director assessing a percentage of fault to the defendant was not misleading or erroneous. The jury would well under-

stand in the context of all of the instructions that if they found no contributory negligence they would find zero percentage of fault in the form of verdict against the plaintiff and 100 percent of fault against the defendant. While the form of the instruction might bear improvement and the plaintiff's argument might well be addressed to the draftsman of the instructions, it is not for this court to review the committee's instructions for form or to redraft them when no error of law appears in their use.

■ The plaintiff raises as a final point a contention that the court erred in granting a new trial limited to the issue of damages. Rule 78.01 authorizes a trial court to grant a new trial on all or part of the issues after a trial by jury, and it is in the sound discretion of the trial court to determine whether all the issues or just a particular issue should be retried. *Krygiel v. Don Darr Pontiac, Inc.*, 668 S.W.2d 267, 268 (Mo.App.1984). The issue of damages may be retried alone if the issue is clearly severable from and not so "blended or interwoven" with the other issues in the case that the defending party is prejudiced by retrial of the single issue. *Thomas v. Durham Motors, Inc.*, 389 S.W.2d 412, 416 (Mo.App. 1965).

Here the trial court based its order for a new trial on grounds relating to the issue of damages but ordered that all the issues be retried. The trial court is presumed to have weighed and considered the evidence and the possibility of prejudice to the parties prior to rendering its decision regarding the extent of the new trial. *Id.* No one is better qualified than the judge who tried the case to determine whether justice requires a new trial of all the issues in the case or only of particular issues. *See Blanford v. St. Louis Public Service Co.*, 199 S.W.2d 887, 893 (Mo.App.1947). For

that reason appellate courts have been "liberal" in deferring to the trial court's action in the ordering of a new trial. *Coonis v. City of Springfield*, 319 S.W.2d 523, 528 (Mo.1958). Particularly where the evidence on liability has been conflicting is a new trial on all the issues desirable. *See Pinkston v. McClanahan*, 350 S.W.2d 724, 729 (Mo.1961).

The adoption of the doctrine of comparative fault in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo.banc 1983), may have further narrowed the discretion to order a new trial solely on the issue of damages. In comparative fault cases, the jury is instructed to determine the percentages of fault and the amount of damages. The interrelationship of fault and damages is apparent on the face of the instructions, and it would be a rare case in which a jury would not consider the effect of its determination of percentages of fault in terms of the damages to be eventually awarded to the plaintiff. The issues are undeniably "blended and interwoven." While the trial court may still have some narrow discretion to order a new trial on damages alone, certainly its failure to do so will not be considered an abuse of discretion except under the most exceptional circumstances. The trial court did not abuse its discretion in this case.

There being no error, the judgment of the trial court awarding a new trial is affirmed.

All concur.