**Michael S. TALLEY, Respondent,**

v.

**SWIFT TRANSPORTATION
CO., et al., Appellant.**

**No. WD 71901.**

Missouri Court of Appeals,
Western District.

Sept. 28, 2010.

 

violated Swift's constitutional right to a jury trial; and (4) the trial court's order did not specify whether a new trial was ordered only as to the issue of liability, or as to the issues of liability and damages. The judgment of the trial court is affirmed.

## Factual and Procedural Background

On May 17, 2007, Michael Talley filed a petition against Swift for damages he sustained as the result of a vehicle collision.[1] The jury returned a verdict assessing ten percent of fault to Swift and ninety percent of fault to Mr. Talley and found that the total amount of Mr. Talley's damages was $125,000, regardless of Mr. Talley's fault. Mr. Talley filed a motion for a new trial, and the trial court granted the motion.

Mr. Talley was riding his motorcycle southbound on Highway 71 in Cass County, Missouri. Mr. Atha was driving a tractor-trailer northbound on Highway 71. Both the southbound portion and the northbound portion of the highway contained two traveling lanes and a left-hand turn lane. The accident occurred at an intersection when Mr. Atha attempted to turn left onto 283rd Street.

Prior to the collision, Mr. Talley had been driving his motorcycle behind a truck that had a trailer attached to it. As the driver of the truck neared the intersection of Highway 71 and 283rd Street, he crossed over the left lane and got into the left-hand turn lane so that he could turn east onto 283rd Street. As the driver of the truck was getting into the left-hand turn lane, Mr. Talley got into the right lane and began passing the truck.

James R. Jarrow, for Appellant.

Stephen J. Voorhees, for Respondent.

Before Division Three: VICTOR C. HOWARD, Presiding Judge, THOMAS H. NEWTON, Judge and GARY D. WITT, Judge.

### VICTOR C. HOWARD, Judge.

Swift Transportation Company and Bryan Atha (collectively referred to as "Swift") appeal the trial court's grant of Michael Talley's motion for a new trial. On appeal, Swift contends that the trial court erred in granting Mr. Talley's motion because: (1) the verdict was not against the weight of the evidence; (2) there was sufficient evidence to support the submission of Swift's comparative fault instruction; (3) the granting of a new trial

1. Mr. Talley filed suit against both Swift and Mr. Atha, alleging that, at the time of the accident, Mr. Atha was operating a vehicle in the course and scope of his employment with Swift.

At the same time, Mr. Atha was driving north and got into the left-hand turn lane of the northbound side of the highway. Mr. Atha testified at trial that he saw the truck across the intersection in the left-hand turn lane but did not see Mr. Talley's motorcycle behind or on the side of the truck. Therefore, as soon as Mr. Atha saw the truck across the intersection get into the left-hand turn lane, Mr. Atha began to turn left onto 283rd Street. As Mr. Atha was turning left, Mr. Talley's motorcycle struck the side of the tractor-trailer Mr. Atha was driving.

The undisputed evidence showed that southbound traffic had the right-of-way and that there was a sign requiring Mr. Atha to yield to the oncoming southbound traffic. Mr. Atha testified that he knew that a vehicle could potentially be hidden by a large truck and that the only way to avoid such a hazard was to give both the truck and the potentially hidden vehicle sufficient time to clear the intersection. Finally, Mr. Talley presented the testimony of an accident reconstructionist who testified that he could not come up with a reasonable scenario in which Mr. Atha would be unable to see Mr. Talley's motorcycle during the entire time that Mr. Atha was making the left-hand turn.

A jury instruction was submitted requiring the jury to assess a percentage of fault to Swift if it believed that Mr. Atha failed to keep a careful lookout or failed to yield the right-of-way and was thereby negligent. The jury returned a verdict finding Swift to be ten percent at fault and Mr. Talley to be ninety percent at fault. It found that Mr. Talley's damages, disregarding his fault, were $125,000. Mr. Talley thereafter filed a motion for a new trial in which he alleged that the verdict was against the weight of the evidence and that a portion of Swift's comparative fault jury instruction was not supported by substantial evidence in that there was no evidence to suggest that Mr. Talley had not properly secured his motorcycle helmet. The trial court granted the motion on both grounds. This appeal by Swift followed.

## Standard of Review

Rule 78.02 provides that a trial court may grant one new trial on the ground that the verdict is against the weight of the evidence. The grant of a new trial on the basis that the verdict was against the weight of the evidence " 'will be reversed only if there has been a manifest abuse of discretion, since the trial court is in a better position to weigh evidence than the appellate courts.' " *Laws v. St. Luke's Hosp.*, 218 S.W.3d 461, 467 (Mo.App. W.D. 2007) (quoting *Dick v. Children's Mercy Hosp.*, 140 S.W.3d 131, 136 (Mo.App. W.D. 2004)). As long as the plaintiff made a submissible case, the trial court's discretion to grant a motion for a new trial on this ground is " 'virtually unfettered.' " *McCormack v. Capital Elec. Constr. Co.*, 35 S.W.3d 410, 414 (Mo.App. W.D.2000) (quoting *Brown v. Lanrich, Inc.*, 950 S.W.2d 235, 237 (Mo.App. E.D.1997)). Therefore, no abuse of discretion occurs where substantial evidence exists to support a verdict in favor of the party awarded the new trial. *Id.* In reviewing the trial court's grant of a motion for a new trial, we view the evidence and all reasonable inferences therefrom in the light most favorable to the trial court's decision. *Laws*, 218 S.W.3d at 467–68.

## Discussion

■ The trial court advanced two grounds in support of its grant of Mr. Talley's motion for a new trial: that the verdict was against the weight of the evidence and that Swift failed to provide substantial evidence to support the submission of its comparative fault instruction as to

whether Mr. Talley failed to properly secure his motorcycle helmet. Swift challenges both grounds. However, "[i]f any ground advanced in support of a new trial is correct, we will affirm the trial court's order." *Smith v. City of Hannibal,* 297 S.W.3d 926, 929 (Mo.App. E.D.2009).

▮ We first address Swift's second point, in which Swift argues that the trial court erred in granting Mr. Talley a new trial on the ground that the verdict was against the weight of the evidence. Swift contends that the grant of a new trial on this ground was an abuse of discretion because there was a large amount of evidence to support a finding that Mr. Talley was ninety percent at fault. However, we do not consider on appeal whether there was substantial evidence to support a verdict in favor of the defendant, but rather, we determine whether the plaintiff made a submissible case, *i.e.,* whether there was substantial evidence to support a verdict in favor of Mr. Talley. Swift does not argue in its brief that Mr. Talley did not make a submissible case of negligence.

Moreover, we find that Mr. Talley made a submissible case in that there was substantial evidence to support a verdict in his favor. Mr. Talley submitted an instruction which required the jury to assess a percentage of fault to Swift if it believed that Mr. Atha failed to keep a careful lookout or failed to yield the right-of-way, that Mr. Atha was thereby negligent, and that such negligence caused damage to Mr. Talley. At trial, the undisputed evidence showed that Mr. Talley had the right-of-way and that Mr. Atha, who was turning left across the southbound lanes, was required to yield to the oncoming southbound traffic. Mr. Atha testified at trial that, although he knew a smaller vehicle could be hidden by a larger vehicle, he began turning left as soon as the truck across the intersection got into the left-hand turn lane and did not

wait for the truck and any potentially hidden vehicles to clear the intersection. Finally, although Mr. Atha testified that he did not see Mr. Talley's motorcycle behind or on the side of the truck, an accident reconstructionist testified that it would have been almost impossible for the motorcycle to be hidden from Mr. Atha's view during the entirety of his left-hand turn if Mr. Atha had been looking at the southbound lanes.

Therefore, the plaintiff made a submissible case of negligence against Swift, and the trial court did not abuse its discretion in granting Mr. Talley's motion for a new trial on the basis that the verdict was against the weight of the evidence. Given this finding, we need not review Swift's first point challenging the other ground for the trial court's decision. *Smith,* 297 S.W.3d at 930.

▮ In its third point on appeal, Swift contends that the trial court erred in granting Mr. Talley a new trial because this violated Swift's right to a jury trial. Swift appears to argue that, in a comparative fault case, a trial court cannot order a new trial on the basis that the jury's apportionment of fault was against the weight of the evidence. However, there are several cases where Missouri appellate courts have affirmed such orders. *See, e.g., Smith,* 297 S.W.3d 926; *McCormack,* 35 S.W.3d 410. Furthermore, "Missouri has long recognized that the trial court has inherent power to weigh the evidence and to grant a new trial on the ground that the verdict is against the weight of the evidence." *Landis v. Sumner Mfg. Co.,* 750 S.W.2d 466, 470 (Mo.App. W.D.1988) (noting that the granting of one new trial on the ground that the verdict is against the weight of the evidence "does not, in itself, invade the right of trial by jury"). Swift admits that it is seeking a reversal of current case law on this matter, but Swift

has not provided a compelling reason to support such a change. The trial court's grant of a new trial did not abridge Swift's right to a jury trial. The point is denied.

■ In its final point on appeal, Swift contends that the trial court erred in issuing an order that did not specify that the new trial was to be conducted solely on the issue of liability. Swift claims that because Mr. Talley did not address the issue of damages in his motion for a new trial, the trial court could not grant a new trial on the issue of damages. Mr. Talley argues that because the trial court's judgment did not specify that the new trial was limited to the issue of liability, the judgment should be interpreted to order a new trial on both liability and damages.

The circumstances of this case are similar to those in *Courtney v. City of Kansas City*, 775 S.W.2d 269 (Mo.App. W.D.1989). In that case, two parties filed motions for a new trial, and the trial court granted both motions on the ground that the verdict was against the weight of the evidence. *Id.* at 270. One of the parties stated in its motion for a new trial that the verdict was against the weight of the evidence in that the other party was negligent and caused the injuries to the plaintiff. *Id.* The trial court did not specify whether the new trial would be on both liability and damages or on the issue of liability only. *Id.* On appeal, the defendants argued that the trial court erred in not specifying that the new trial was to be conducted only on the issue of liability. *Id.* at 273. This court disagreed, finding that where one of the parties' motions for a new trial asserted only negligence, it could be read to seek a new trial on damages. *Id.* Therefore, this court affirmed the order granting a new trial and remanded the case with instructions that the issues of liability and damages be retried. *Id.*

■■ A trial court may grant a new trial on all or part of the issues after a jury trial, and it is within the sound discretion of the trial court to determine whether all issues or only some issues should be retried. *See* Rule 78.01; *Phillips v. Lively*, 708 S.W.2d 369, 373 (Mo.App. W.D.1986). In this case, the trial court did not limit the new trial to a specific issue but, instead, simply granted Mr. Talley's motion for a new trial on the ground that the verdict was against the weight of the evidence. As was the case in *Courtney*, Mr. Talley's motion alleging that there was substantial proof of Swift's negligence could be read to seek a new trial on damages as well as liability. Furthermore, where the evidence on liability is conflicting, a new trial on all issues is desirable. *Phillips*, 708 S.W.2d at 373. This court also noted in *Phillips* that, in a comparative fault case, the issues of fault and damages are blended and interwoven, and "it would be a rare case in which a jury would not consider the effect of its determination of percentages of fault in terms of the damages to be eventually awarded to the plaintiff." *Id.*

■ "The appellate court has the power to affirm the trial court's order and remand with further instructions." *Courtney*, 775 S.W.2d at 273. Therefore, we affirm the trial court's judgment granting a new trial and remand the case with instructions that the issues of both liability and damages be retried.

All concur.